IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 15, 2002

## STATE OF TENNESSEE v. JEFFREY B. JOHNSON

**Direct Appeal from the Circuit Court for Lewis County**
**Nos. 5506, 5701, 5871     R. E. Lee Davies, Judge**

---

### No. M2001-02494-CCA-R3-CD - Filed July 16, 2002

---

The defendant appeals the trial court's order rejecting his request for additional pretrial jail credits. We dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Jeffrey B. Johnson, Only, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Jeffrey L. Long, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### PROCEDURAL HISTORY

The Lewis County Circuit Court sentenced the defendant to three consecutive sentences. On April 29, 1996, in case number 5506, the defendant was convicted of sexual battery and sentenced to two years to be served in the community corrections program. On April 7, 1997, he was convicted of driving after being declared a motor vehicle habitual offender and DUI in case number 5701; he was sentenced to concurrent sentences of one year and eleven months and twenty-nine days to be served consecutively to his sentence in case number 5506. The trial court revoked his community corrections sentence in case number 5506 on April 8, 1997, but it subsequently released the defendant on supervised probation on all sentences on July 28, 1997. On March 3, 1998, the defendant was convicted of aggravated assault in case number 5871, and he was sentenced to five years in the Department of Correction consecutive to the sentences in case numbers 5506 and 5701. Thus, the defendant had an effective eight-year sentence.

Nearly three years later, while in the custody of the Department of Correction, the defendant filed a motion requesting that 312 days of jail credits and 80 days of good behavior credits, a total of 392 days, be applied to each of his three consecutive sentences for various times he spent in the Lewis County Jail between July 29, 1996, and March 4, 1998. The trial court announced it would enter an order awarding the defendant the credits he was due, but that it would not give him "triple credits" by applying the credits to each of his three consecutive sentences. On March 26, 2001, the trial court entered an order applying 392 days of credits to case number 5506, the defendant's first two-year sentence. The trial court subsequently entered an order striking the 80 days of good behavior credits, noting good behavior credits are awarded by the Department of Correction and not the court.

On July 6, 2001, the defendant filed a second motion seeking jail credits in case number 5871, his last conviction; the defendant requested 114 days of credits for a period between November 10, 1997, through March 4, 1998. Except for twenty days in November 1997, the remainder of the requested pretrial jail credits duplicated credits awarded to the defendant in the March 26, 2001, order entered in case number 5506. On September 5, 2001, the trial court denied the defendant's second motion, finding the court had granted the defendant 312 days of credit in case number 5506. The trial court also noted the Department of Correction's affidavit stating it had credited 550 days of pretrial, jail, and community corrections credits in case number 5506.

**APPEAL AS OF RIGHT**

In this case, the defendant filed his motions requesting pretrial jail credits after his convictions had become final and after he was in the custody of the Department of Correction. The trial court retains jurisdiction to modify a sentence once it becomes final only while a defendant is incarcerated in the local jail or workhouse or is awaiting transfer to the Department of Correction. *See* Tenn. Code Ann. §§ 40-35-212(c), -314(c). Therefore, the trial court lost jurisdiction before the motions were filed. A motion requesting pretrial jail credits filed after the judgment is final and the trial court has lost jurisdiction is futile, because the trial court is without authority to grant it; further, there is no appeal as a matter of right if it is denied. Cox v. State, 53 S.W.3d 287, 292-293 (Tenn. Crim. App. 2001); Tenn. R. App. P. 3(b). We further conclude this is not an appropriate case to grant *certiorari* review. *See* Cox, 53 S.W.3d at 294. Instead of seeking relief from the courts, a defendant seeking credit for pretrial incarceration under these circumstances should look to the Uniform Administrative Procedures Act for a remedy. *See* Tenn. Code Ann. §§ 4-5-101 *et seq.* This is not a case involving such "unique circumstances" that the trial court is in the best position to

calculate pretrial jail credits.  *See* <u>State v. Henry</u>, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997).[1]

Accordingly, we dismiss the defendant's appeal.

_____
JOE G. RILEY, JUDGE

---

[1]Although unnecessary for the disposition of this appeal, it appears the Department of Correction has given the defendant credit for all time requested by the defendant except for twenty days in November 1997; we are unable to determine from the record whether the defendant was actually incarcerated during this time.  As to any other days for which the defendant seeks credits, it appears he is seeking credits for the same days on multiple consecutive sentences.  He is not entitled to triple credits.