IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 16, 2003

## THOMAS D. SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Robertson County**
**No. 97-0290     John H. Gasaway, III, Judge**

———————————

**No. M2002-02181-CCA-R3-CD - Filed August 12, 2003**

———————————

The state appeals the Robertson County Circuit Court's granting of post-conviction relief to the petitioner, Thomas D. Smith. The state contends the post-conviction court erred in granting relief based upon the original trial court's failure to reduce to writing its answer to a jury question posed during deliberations at the petitioner's trial. Upon review of the record and the applicable law, we reverse the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and B. Dent Morriss, Assistant District Attorney General, for the appellant, State of Tennessee.

Gregory D. Smith, Clarksville, Tennessee, for the appellee, Thomas D. Smith.

### OPINION

The petitioner was convicted of simple possession of marijuana and possession of 0.5 grams or more of cocaine with the intent to sell in a Drug-Free School Zone. *See* Tenn. Code Ann. §§ 39-17-417(a)(4) (possession with intent to sell), -418(a) (simple possession), -432(b) (Drug-Free School Zone Act). The petitioner received an effective sentence of sixty years incarceration as a career offender. His convictions and sentences were affirmed on direct appeal. *See* State v. Smith, 48 S.W.3d 159 (Tenn. Crim. App. 2000).

The facts as presented at trial according to this court's opinion on direct appeal are as follows:

On February 10, 1997, at approximately 8:00 pm., Sergeant Ricky Morris of the Springfield Police Department apprehended the [petitioner] in possession of approximately one point four (1.4) grams of crack cocaine and one point nine (1.9) grams of marijuana. The [petitioner] confessed to the police that he intended to sell the crack cocaine in order to pay his electric bill. At the time of his encounter with the police, the [petitioner] was seated in a car in the parking lot of a public housing project situated within one thousand (1,000) feet of a local elementary school.

*Id.* at 161-62.

## I. POST-CONVICTION PROCEEDINGS

The crucial issue presented by the petitioner at his post-conviction hearing was whether trial counsel was ineffective in failing to file a motion to suppress the seizure of the drugs. Because the resolution of this issue is relevant to the ultimate disposition of this appeal, we briefly summarize the testimony relating to this issue.

At the post-conviction relief hearing, Sergeant Ricky Morris testified that on February 10, 1997, at approximately 7:58 p.m., he and another officer approached a vehicle which was blocking the entrance to a parking lot, and he observed the petitioner, a passenger, holding an open container of beer in violation of a city ordinance. The officer stated he requested the petitioner to exit the vehicle intending to issue him a citation for violating the open container ordinance. He further stated this was at night in a "very dangerous" neighborhood, and the defendant consented to a pat-down search.

Sergeant Morris stated he then conducted a pat-down search of the petitioner's person for safety purposes. The officer stated that although he did not feel any weapons, he felt "lumpy rocks contained in . . . plastic feeling material" in the petitioner's front shirt pocket. When Sergeant Morris asked the petitioner if the substance was crack cocaine, the petitioner nodded his head in the affirmative. The officer then retrieved the substance from the petitioner's front shirt pocket. Sergeant Morris denied the petitioner was wearing a bulky winter coat which he had to unzip to retrieve the cocaine.

The petitioner testified that when he was searched, he was wearing a "pullover bomb jacket stuffed with goose feathers," which was zipped. He stated that during the search, the officer touched an item underneath the petitioner's coat and asked him whether the substance was crack cocaine; however, the petitioner did not respond. Sergeant Morris then unzipped his coat, reached inside, and retrieved the substance from his pocket. The petitioner denied indicating the substance was crack cocaine, giving the officer permission to reach inside his coat, or making any movements indicating he possessed a weapon.

The petitioner testified he met with trial counsel on three occasions, and each meeting continued for approximately twenty to thirty minutes. He stated that although he never discussed

the pat-down search with trial counsel, he informed trial counsel of the events. He maintained that if trial counsel had filed a motion to suppress, the outcome would have been different.

Trial counsel testified that although he did not file a motion to suppress, he discussed the issue with the petitioner. He stated that based on this discussion, he believed the petitioner voluntarily consented to the search. Trial counsel further stated that at the time, he believed the search was lawful. He opined that although the motion to suppress would not have been frivolous, it would have been denied by the trial court.

Trial counsel testified the petitioner did not request that he file a motion to suppress. In addition, the petitioner never informed him that he was wearing a coat when the officer conducted the pat-down search.

During final argument, the petitioner's counsel contended there was no basis for the frisk, and the seizure was in violation of the "plain feel" doctrine. *See* Minnesota v. Dickerson, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993).

## II. FINDINGS REGARDING MOTION TO SUPPRESS

The post-conviction court found that if a motion to suppress had been filed, the credibility of the petitioner and Sergeant Morris would have been at issue. The court further found the credibility issue would have been resolved in favor of the officer, and the motion to suppress would have been denied.

In view of the officer's testimony that the pat-down was consensual, which trial counsel stated was also his understanding, and the officer's testimony that the defendant acknowledged that the object was cocaine, the evidence does not preponderate against the findings of the post-conviction court. *See* State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999) (holding the post-conviction judge's findings are conclusive unless the evidence preponderates otherwise). Therefore, although the ruling of the post-conviction court was not challenged in the petitioner's brief, we conclude the petitioner is not entitled to relief on this issue.

## III. JURY QUESTION

During jury deliberations at the petitioner's original trial, the jury wrote a note to the trial court indicating that "[a] juror has a question or concern over the matter of did or did not. Juror is not comfortable with the law and the officer not knowing the law concerning the thousand foot law." The trial court gave a lengthy oral response which, in essence, clarified the original charge and explained that possession of cocaine over 0.5 grams with intent to sell is enhanced if the jury also finds beyond a reasonable doubt that it was within one thousand feet of a school.

After the trial court gave a portion of its response, an "off-the-record" bench conference transpired. The content of this conference is not available for review. Thereafter, the trial court

explained to the jury that it would not be proper for it to comment on the question as it related to a juror not being "comfortable with the law and the officer not knowing the law." The jury then resumed its deliberations. At that point, the trial court asked counsel if they were in agreement with the trial court's response. The assistant district attorney general stated he had "no problem." Defense counsel stated, "We don't have, I agree with - - ." There is no indication the trial court's response was ever reduced to writing.

The petitioner's post-conviction counsel determined this issue was frivolous and did not pursue it as a basis for post-conviction relief. The only mention of this issue in the post-conviction testimony was the testimony of the petitioner who, when asked if there was "anything else you want to tell the Court," opined trial counsel should have objected to the failure to reduce the response to writing. Furthermore, because this was not perceived by either counsel to be an issue, there were no questions asked of, nor testimony by, trial counsel concerning this matter.

The post-conviction court, *sua sponte*, expressed concern about this issue during final argument. The petitioner's counsel stated this issue was not raised because of his obligation to raise only "nonfrivolous issues." After a lengthy discussion about the issue, the petitioner's counsel based his final argument strictly upon the failure to file a motion to suppress. The state did likewise.

During its oral ruling, the post-conviction court first determined the petitioner's suppression issue was without merit. Then the post-conviction court, *sua sponte*, noted trial counsel did not object to the original trial judge's oral response and failed to preserve the issue in the motion for new trial. However, the post-conviction court appeared to conclude that the failure of the trial court to reduce the response to writing justified post-conviction relief, not ineffective assistance of counsel. Although the post-conviction court acknowledged it had "no idea" whether it affected the jury's verdict and "no idea" whether an appellate court would find error, it found the verdict was "undermined [by] the failure of the trial court to instruct the jury in writing" as to its question. The written order of the post-conviction court setting aside the conviction was based upon the "Trial Judge['s] fail[ing] to provide the jury with all jury charges in written form and fail[ing] to fully explain the law pursuant to a jury question request." The order made no reference to ineffective assistance of trial counsel.

## IV. WAIVER

The state first contends the issue regarding the trial court's failure to reduce the supplemental instruction to writing is a "free-standing claim" unrelated to ineffective assistance of trial counsel and is, therefore, waived for failure to object at trial and preserve the issue for direct appeal. In response, the petitioner asserts the issue involves ineffective assistance of trial counsel based upon trial counsel's failure to object at trial. We agree with the state.

## A. Petition for Post-Conviction Relief

The petitioner originally filed a *pro se* petition for post-conviction relief in which he did not specify grounds for relief but referred to an attached memorandum of law. In this memorandum, the petitioner asserted the trial court's failure to reduce the supplemental jury instruction to writing was plain error and an abuse of discretion. Upon appointment of post-conviction counsel, the petition was amended to include an unspecified claim of "ineffective assistance of counsel" in one paragraph and specifically referred to ineffective assistance of counsel relating to the suppression issue in the next paragraph. It made no reference to the jury question issue.

## B. Analysis

The Post-Conviction Procedure Act of 1995 provides that:

> [a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
> (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. § 40-30-206(g). Further, a petition for post-conviction relief should "specify facts supporting [any] claim for relief" and describe how the petitioner was prejudiced. Tenn. Sup. Ct. R. 28 § 5(E)(3), (4); *see* Tenn. Code Ann. § 40-30-204(e).

In the case at bar, the original trial court's failure to reduce a supplemental instruction to writing was not framed as an ineffective assistance of counsel issue in the petitioner's original post-conviction relief petition nor in counsel's amended petition. No pleading alleged trial counsel was deficient in failing to preserve this issue. Furthermore, during the post-conviction relief hearing, defense counsel stated his argument focused on the claim of ineffective assistance of counsel based upon trial counsel's failure to file a motion to suppress. Defense counsel further stated he believed the issue regarding the jury charge to be "without merit." Thus, the failure to allege this as a basis for relief was a deliberate choice.[1] It further appears the post-conviction court's grant of relief was not based on ineffective assistance of counsel but rather the failure of the trial court to reduce the response to writing.

Based upon the circumstances, we conclude the issue regarding the jury charge was not included as a ground for ineffective assistance of counsel. We further conclude this issue was waived by the failure to pursue the objection at trial and preserve the issue for the direct appeal.

---

[1]We also conclude it was a reasonable choice not to pursue this issue.

# V.  INEFFECTIVE ASSISTANCE OF COUNSEL

Regardless of waiver, we conclude that even if the claim had been based upon ineffective assistance of trial counsel, the petitioner is not entitled to relief.

## A. Ineffective Assistance of Counsel - Standard of Review

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the complaining party to show (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. *See* Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; s*ee* Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Burns, 6 S.W.3d at 463 (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted). The petitioner bears the burden of proving the factual allegations that would entitle the petitioner to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f).

## B.  Analysis

In the case at bar, the trial court failed to reduce to writing its response to a jury question. Trial counsel failed to object at trial and failed to raise it as an issue in the motion for new trial. However, we note the following. There was an "off-the-record" bench conference at trial concerning this matter to which neither we nor the post-conviction court was privy. At the post-conviction hearing, trial counsel was never asked why he voiced no objection to the oral response. Based upon our review of the transcript, it is reasonable to assume that one of the attorneys suggested that the trial court further instruct the jury that it could not comment on the jury's question about the propriety of the one-thousand-foot law. The trial court did exactly that. Further, it would appear the trial court's oral response did not misstate the law and was accurate. Although it certainly was not a verbatim re-reading of the original charge, it appears to accurately clarify the law concerning the Drug-Free School Zone Act. It is further apparent from the trial transcript that trial counsel voiced no objection and was satisfied with the trial court's instructions. Again, we note there was no testimony by trial counsel at the post-conviction hearing that addressed this issue.

In order to secure post-conviction relief, the petitioner must show prejudice. <u>Strickland</u>, 466 U.S. at 687. In the context of this case, the petitioner must establish that there was a reasonable probability that the result of the trial would have been different or that he would have received a new trial had trial counsel objected and preserved this issue. However, if trial counsel had objected, the trial court may well have submitted a written instruction. Furthermore, even though it may be subject to debate whether a supplemental jury instruction in response to a jury question is subject to the writing requirement of Rule 30(c) of the Tennessee Rules of Criminal Procedure, *see* <u>State v. Thomas J. Faulkner, Jr.</u>, No. E2000-00309-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 293, at *39 (Tenn. Crim. App. Apr. 17, 2001, at Knoxville),[2] *perm. to app. denied* (Tenn. 2001), any deficiency is subject to harmless error analysis, *see* <u>State v. Barnard</u>, 899 S.W.2d 617, 623 (Tenn. Crim. App. 1994); <u>Thomas J. Faulkner, Jr.</u>, 2001 Tenn. Crim. App. LEXIS 293, at **39-40. In this case, the post-conviction court did not find, nor has there been a showing, that the jury verdict was likely affected. We further conclude that had trial counsel objected and preserved the issue for direct appeal, it likely would have been deemed harmless error. The petitioner has failed to establish the prejudice prong of an ineffective assistance of counsel claim.

Accordingly, we reverse the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE

---

[2]The <u>Faulkner</u> court deemed it unnecessary to determine this issue because any error would be harmless. <u>Thomas J. Faulkner, Jr.</u>, 2001 Tenn. Crim. App. LEXIS 293, at *39. However, we agree with Judge Tipton's concurring opinion indicating "supplemental post-trial instructions" should be reduced to writing. *Id.*, at *49 (Tipton, J., concurring).