IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2004

**BARABBAS A. BROWN v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Knox County**
**No. 79024     Ray L. Jenkins, Judge**

_____

**No. E2004-01487-CCA-R3-CD - Filed January 13, 2005**

_____

The appellant, Barabbas A. Brown, appeals the Knox County Criminal Court's dismissal of his motion to correct pre-trial jail credits. The appellant argues that the trial court erred by not enforcing its order of judgment granting him pre-trial jail credits. Finding no merit to the appellant's contentions, we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. C. McLin, J., delivered the opinion of the court, in which Jerry L. Smith and Alan E. Glenn, JJ., joined.

Barabbas A. Brown, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On June 22, 1999, the appellant was convicted of voluntary manslaughter and sentenced as a Range I standard offender to six years incarceration in the Tennessee Department of Correction. The sentence was suspended and the appellant was placed on intensive probation for a period of six years. On August 21, 2002, after a revocation hearing, the trial court found the appellant guilty of violating the conditions of his probation and ordered him to serve his original sentence. After revoking the appellant's probation, the trial court credited the appellant with 305 days of jail credit for having been in custody from December 11, 1998 to January 9, 1999; from December 13, 1999 to January 31, 2000; from August 18, 2000 to March 6, 2001 and from July 25, 2002 to August 21, 2002.

## ANALYSIS

The appellant argues that the Tennessee Department of Correction failed to credit him with 305 days of jail credit as ordered by the trial court, and appeals the trial court's denial of his motion to correct his pre-trial jail credits. The State argues that the sentencing court did not have jurisdiction to entertain the appellant's motion once his sentence had become final. On February 3, 2004, the appellant filed his motion to correct pre-trial jail credits and the award of street time credits. On February 9, 2004, the appellant's motion was dismissed by the trial court. On March 4, 2004, the appellant filed a Motion for Reconsideration of Judgment and, in the alternative, a notice of appeal. The appellant's motion was dismissed by the trial court on March 11, 2004.

Pursuant to Tennessee Code Annotated section 40-23-101(c) (2003), the trial court is required at the time of sentencing to allow a defendant pre-trial jail credit. Tennessee Code Annotated section 40-23-101(c) provides that:

> The trial court shall, at the time the sentence is imposed . . . render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held . . . pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served . . . subsequent to any conviction . . . .

Further, as our supreme court has said, an award of such jail credit is mandatory. Stubbs v. State, 393 S.W.2d 150, 154 (Tenn. 1965). Moreover, the Department of Correction may not alter the judgment of the trial court. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

Initially, it is apparent from the trial court's revocation order that the appellant was credited with 305 days of jail credit. The trial court further ordered the clerk to furnish a copy of its order to the Warden of the Tennessee State Penitentiary and the District Attorney General.

In dismissing the appellant's motion to correct pre-trial jail credits and the award of street time credits on February 9, 2004, the trial court noted in its order:

> After a thorough search of all records it appears that the defendant has been awarded 305 days pre-trial jail credit which is due him. Further, it appears that the Tennessee Department of Correction has given the defendant credit for these 305 days.

In the trial court's order dated March 11, 2004, dismissing the appellant's motion for reconsideration, the court stated:

> The Department of Correction has given the defendant credit for these 305 days, 30 days of which are prior to his guilty plea and are recorded on his print-out at "Pre-Trial."

Thus, we conclude that the trial court complied with the provisions of Tennessee Code Annotated section 40-23-101(c).

We next address the jurisdiction of the trial court which we conclude to be dispositive of this appeal.

The appellant filed his motion to correct pre-trial jail credits on February 3, 2004, some seventeen months after his sentence at the Tennessee Department of Correction had become final. The trial court retains jurisdiction to modify a sentence once it becomes final only while a defendant is incarcerated in the local jail or workhouse or is awaiting transfer to the Department of Correction. See Tenn. Code Ann. §§ 40-35-212(c), -314(c) (2003). There is no indication in the record that the appellant remained incarcerated in the local jail or workhouse or was awaiting transfer to the Department of Correction, or that the appellant filed a notice of appeal within thirty days after entry of the trial court's judgment as required by Tennessee Rule of Appellate Procedure 4(a). As such, the trial court lost jurisdiction before the appellant's motions were filed. Further, as argued by the state, Tennessee Rule of Appellate Procedure 3 does not permit a direct appeal of a trial court's dismissal of a motion to correct jail credits. Tenn. R. App. P. 3(b); see also State v. Cox, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001). Once an inmate is in the custody of the Tennessee Department of Correction, the proper avenue to address sentence reduction credits is through the Uniform Administrative Procedures Act. See Tenn. Code Ann. §§ 4-5-101 et. seq. Therefore, we conclude that the appellant must pursue this claim through the Uniform Administrative Procedures Act.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court.

J. C. MCLIN, JUDGE