IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 12, 2005

### STATE OF TENNESSEE v. MICHAEL L. CALANDROS

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S41,624     Phyllis H. Miller, Judge**

_____

**No. E2004-02382-CCA-R3-CD - Filed June 23, 2005**

_____

The defendant appeals the trial court's denial of pretrial jail credits. We conclude that Tennessee Rule of Appellate Procedure 3 does not provide an appeal as of right from the trial court's action. Moreover, because the sentence is neither illegal nor void, the appeal cannot be treated as a writ of certiorari. Therefore, because this matter is not properly before us, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Michael L. Calandros, Whiteville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Robert H. Montgomery, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

        This appeal arises from the trial court's denial of the defendant's "Petition for Pretrial Credits and/o[r] Petition for Writ of Error." For clarity's sake, we will set out a summary of the history of this matter. The defendant was originally convicted of a violation of a habitual traffic offender order (Case #S40908). After failing to appear at the sentencing hearing on that matter, the defendant was indicted by the Sullivan County Grand Jury for failure to appear (Case # S41624), on July 22, 1998. On December 15, 2000, the defendant pled guilty to failure to appear and received a sentence of six years as a Range III, persistent offender, which was suspended to supervised probation after the

service of the first 120 days, which were to be served day-for-day in jail. The sentence for failure to appear was ordered consecutively to the previous sentence of two years in Case #S40908.[1]

On August 7, 2002, a probation violation warrant was issued, alleging a new law violation and a violation of Rule #10 ("[a]ssaultive, abusive, threatening, or intimidating behavior…"). Thereafter, on January 22, 2004, the defendant's probation was revoked, and his original six-year sentence in Case #S41624 was reinstated. At that time, the defendant was given credit for 120 days initially served, as well as forty days served between his arrest for the probation violation and the actual revocation.[2]

On May 14, 2004, the defendant filed a request for jail credits for time served from September 21, 2000, to August 29, 2001. Ten days later, the defendant filed a *pro se* "Petition for Reduction or/and Modification of Sentence," which was summarily denied by the trial court. On July 26, 2004, the defendant filed a *pro se* "Petition for Pretrial Credits and/o[r] Petition for Writ of Error," requesting pretrial credits from September 21, 2000 to May 1, 2001. In response, the State filed a motion to dismiss the petition contending that: (1) the defendant pled guilty to failure to appear on December 15, 2000, and received no pretrial jail credit on that judgment because all credit was applied to Case #S40908; and (2) any request for jail credit should be addressed to the Board of Probation and Parole, the Department of Correction, or the Sullivan County Jail.

On September 7, 2004, the trial court held a hearing on the defendant's petition. The court initially noted that the only credit originally placed toward Case # S41624 was for the initial 120 days served, because the remainder of time served was applied to the previous sentence in Case #S40908. The trial court further indicated that, after he violated his probation, the defendant received credit for the forty days served between his arrest on the probation violation and the date his probation was revoked. Therefore, the total of all credit received in Case # S42624 was properly calculated at 160 days.

In dismissing the defendant's petition, the trial court concluded that application for any additional credits sought by the defendant should be directed to the jail, and any denied post-conviction credits appealed through the Tennessee Administrative Procedures Act. The trial court further noted that it would contact Robert Henshaw, a probation and parole manager, to request a review of the defendant's sentence structure and time calculations.

After the trial court dismissed the petition, Henshaw sent letters to both the trial court and the defendant, confirming the trial court's finding that neither the defendant's sentence structure nor his time calculations contained any irregularities. Specifically, Henshaw stated in his letter to the defendant:

---

[1] The record reflects that the defendant was granted determinate release on Case #S40908 on May 1, 2001, which is when his 120-day term for Case #S41624 began.

[2] The revocation order reflects that the defendant was arrested on December 12, 2003, and received credit for time served from that date until his revocation on January 22, 2004. We note that the length of time between the issuance of the arrest warrant and its execution is explained by the fact that the defendant was incarcerated in the Talladega County (Alabama) Jail at the time of his arrest.

My review of TOMIS, court records, TBOPP records, and the pleadings you filed did not turn up anything wrong with your sentence structure or time calculations. It appears that you are asking for pre-trial jail credit in S41,624 from 9/21/00 to 5/1/01; S41,624 is consecutive to case S40,90[8], a two (2) year Violation HTO conviction. During the time 9/21/00 to 5/1/01, you were serving your time in case S40,908 and you were granted Determinate Release probation in that case on May 1, 2001. At that point, your time (the 120 days) started in S41,624. You cannot receive the same time on different cases if those cases are consecutive to each other.

On appeal, the defendant contends that the trial court erred in finding that he had no right to "mandatory" pretrial jail credits.

## Analysis

We initially note that no appeal as of right lies from the trial court's dismissal of the defendant's petition. Tennessee Rule of Appellate Procedure 3 states that a defendant can appeal as of right "from any judgment of conviction . . . from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tenn. R. App. P. 3(b). Therefore, the trial court's denial of the defendant's petition for pretrial credits is not included in the actions from which an appeal as of right may be taken. See State v. Greg Smith, No. E2003-01092-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 145 (Tenn. Crim. App., at Knoxville, Feb. 18, 2004).

Alternatively, in rare circumstances, when a Rule 3 appeal is not available to a defendant, this court may treat an appeal as a petition for writ of certiorari, now codified at Tennessee Code Annotated section 27-8-101. See Cox v. State, 53 S.W.3d 287, 294 (Tenn. Crim. App. 2001). This court has previously held, however, that the writ of certiorari is "limited" and that "appeals *via* certiorari should rarely be granted to review motions that assert sentencing infirmities which do not rise to the level of illegality or voidness." Cox, 53 S.W.3d at 294. Upon review of the record, we conclude that the sentence in this case is neither illegal nor void; therefore, this avenue of appeal is also unavailable to the defendant.

## Conclusion

Based upon the foregoing, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-