**AFFIRM and Opinion Filed June 16, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00760-CV**

**CITY OF DALLAS, Appellant**
**V.**
**LYNN PELTIER, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-04958-D**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Garcia
Opinion by Justice Carlyle

The City of Dallas appeals from the trial court's order denying its plea to the jurisdiction. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Aaron Brewer drove a garbage truck for the City's Department of Sanitation Services. In July 2020, he went to pick up trash in the alley behind Lynn Peltier's home. According to his affidavit, "[w]hile operating the truck, [he] heard a loud whistling sound coming from somewhere behind the cab." Mr. Brewer stopped in the alley next to Ms. Peltier's property, and his affidavit described what happened next:

Not knowing what [the noise] was, I exited the vehicle and saw flames shooting out from between the cab of the truck and the trash compactor. I jumped back into the cab of the vehicle and turned the truck off, at which point the flames were already engulfing the cab. I then ran to the passenger's side of the cab to grab the fire extinguisher, but was unable to grab it due to the rapid spread of the flames. I ran a safe distance from the vehicle and immediately dialed 9-1-1 and my supervisor.

By the time I realized that the truck was on fire, I could not drive the vehicle out of the alley, or I would have been burned. I was unaware that the vehicle had any mechanical or fuel line issues at the time of the fire, having performed a pre-trip inspection that morning without incident.

Before firefighters could extinguish the flames, the fire spread to Ms. Peltier's property, damaging her fence, gate, landscaping, irrigation system, and gazebo. One of the firefighters who responded to the scene allegedly told Mr. Brewer that an electrical failure probably caused the fire.

Ms. Peltier sued the City under the Texas Tort Claims Act (TTCA), *see* Tex. Civ. Prac. & Rem. Code §§ 101.021, .025, initially alleging both that the City was negligent in maintaining the truck and that its driver acted negligently. After the City answered, Ms. Peltier amended her complaint to remove allegations of negligent maintenance, focusing solely on Mr. Brewer's alleged negligence. A few months later, the City filed its plea to the jurisdiction, arguing it was immune from Ms. Peltier's suit because her claims were "essentially that the City was negligent in failing to maintain its trash truck," and "the City's evidence conclusively establishes that its employee, Aaron Brewer III, did not act negligently."

With respect to its second contention, the City relied on Mr. Brewer's affidavit to argue that "there simply was no time after he heard the sound for him to move the truck so as to prevent damage to Plaintiff's property." And, according to the City, Mr. Brewer "acted exactly as a person of ordinary prudence would have acted under the same or similar circumstances: he got a safe distance away from the burning vehicle and called 9-1-1."

Ms. Peltier responded that she was no longer arguing the City was liable for failing to maintain the truck. And with respect to Mr. Brewer's negligence, she asserted there were fact issues as to whether Mr. Brewer acted in a reasonable manner. She pointed out that Mr. Brewer was driving the vehicle when he first realized there might be an issue, but instead of parking the truck in a safe location, he parked it near her house, which foreseeably caused her damages.

The trial court continued the initial hearing on the City's plea to allow Ms. Peltier to conduct discovery. Both parties then submitted additional evidence for the court's consideration. In her supplemental response, Ms. Peltier pointed to testimony from Mr. Brewer's supervisor that, according to the City's training, if a driver hears something wrong with the truck, the driver is supposed to pull over to a safe location, turn the engine off, grab the fire extinguisher, and then go inspect the truck to determine the problem. Yet, Mr. Brewer did not pull over to a safe location, did not immediately turn off the engine, and did not grab the fire extinguisher before

inspecting the truck. Thus, she argued, there is a fact issue as to whether Mr. Brewer acted negligently.

After the re-convened hearing, the trial court denied the City's plea, and we review that decision de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Where, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, we must consider relevant evidence submitted by the parties as necessary to resolve the jurisdictional issues. *Id.*; *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). A plea should not be granted if a fact issue is presented as to the court's jurisdiction. *Miranda*, 133 S.W.3d at 228; *Holland*, 221 S.W.3d at 643. When reviewing an evidence-based plea implicating the merits of the case, we apply a standard similar to that applied in a summary judgment. *Miranda*, 133 S.W.3d at 228. We take as true all evidence favorable to the nonmovant, both indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id.*

Trash collection is a governmental function for which municipalities are generally immune. *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(6). Nevertheless, immunity is waived under the TTCA to the extent a plaintiff asserts a claim for property damage that is proximately caused by a municipal employee's negligence, if: (1) "the property damage . . . arises from the operation or use of a

motor-driven vehicle"; and (2) "the employee would be personally liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE § 101.021(1).

The City contends the trial court erred by denying its plea, because its evidence conclusively shows Ms. Peltier's damages arose neither from Mr. Brewer's negligence nor his use of the City's truck. We disagree.

As an initial matter, we reject the City's argument that Ms. Peltier's claim is actually based on negligent maintenance[1] and that she cannot defeat immunity through what it describes as artful pleading. The City's argument ignores the fact that Ms. Peltier's original petition also alleged liability based on Mr. Brewer's conduct. The fact that Ms. Peltier later dropped her negligent maintenance allegations does not affect her allegations concerning Mr. Brewer, which she has consistently maintained. We reject the City's invitation to recharacterize Ms. Peltier's petition amendments.

We also reject the City's argument that Ms. Peltier did not allege a claim arising out of Mr. Brewer's "operation or use of" the City's garbage truck. *Id.*

---

[1] The City contends it is immune from a negligent-maintenance claim, relying on cases from our sister courts. *See, e.g.*, *Tex. Dep't of Criminal Justice v. Pike*, No. 10-19-00696-CV, 2020 WL 6326469, at *3 (Tex. App.—Waco Oct. 28, 2020, no pet.) (mem. op.); *Harlingen Consol. Indep. Sch. Dist. v. Miranda*, No. 13-18-00391-CV, 2019 WL 1187151, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 14, 2019, no pet.) (mem. op.); *San Antonio Indep. Sch. Dist. v. Hale*, No. 04-18-00102-CV, 2018 WL 3129436, at *3 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op.); *Tex. Juvenile Justice Dep't v. PHI, Inc.*, 537 S.W.3d 707, 713 (Tex. App.—Fort Worth 2017), *rev'd on other grounds*, 53 S.W.3d 296 (Tex. 2019). The supreme court, however, has declined to resolve the issue, *see PHI, Inc. v. Tex. Juvenile Justice Dep't*, 593 S.W.3d 296, 306 n.2 (Tex. 2019), and we decline as well because Ms. Peltier's live petition does not allege a negligent-maintenance claim.

§ 101.021(1)(A). According to the City, the truck did not cause Ms. Peltier's damages; the fire did. And then, the City says, because Ms. Peltier acknowledged that Mr. Brewer did not cause the fire, she cannot claim his use of the truck caused her damages. Moreover, the City posits, to the extent Ms. Peltier contends Mr. Brewer should have moved the truck to a safe location after discovering the fire, her claim is impermissibly based on Mr. Brewer's nonuse of the truck.

The City's argument mischaracterizes the nature of Ms. Peltier's claim. Her claim is not based on Mr. Brewer either causing the fire or failing to move the truck after discovering the fire; her claim is based on Mr. Brewer negligently operating the truck before discovering the fire. The record includes evidence Mr. Brewer's job was operating the truck, a vehicle that required a pre-operation inspection. We agree with Ms. Peltier that there are fact issues as to whether Mr. Brewer's alleged negligence caused her damages.

With respect to Mr. Brewer's decision to park the truck next to Ms. Peltier's property, the supreme court has explained that negligently parking a vehicle can provide a basis for immunity waiver if the negligent parking causes the plaintiff's damages. *See PHI, Inc. v. Tex. Juvenile Justice Dep't*, 593 S.W.3d 296, 306 n.2 (Tex. 2019). Here, the record does not conclusively establish that Mr. Brewer acted reasonably in parking the malfunctioning truck next to Ms. Peltier's property. Indeed, Mr. Brewer's affidavit does not state exactly where he was when he first

heard the whistle. Nor does it state how much time elapsed between when he heard the whistle and when he exited the truck in front of Ms. Peltier's property. Thus, the record does not establish the City's speculation that "there simply was no time after [Mr. Brewer] heard the sound for him to move the truck so as to prevent damage to Plaintiff's property."

To the extent the City argues Mr. Brewer could not have foreseen that the truck would catch fire next to Ms. Peltier's property, his supervisor testified that, according to the City's training, Mr. Brewer was supposed to shut off the engine and grab the fire extinguisher before getting out to investigate any potential malfunction. This suggests Mr. Brewer knew or should have known there was a risk of a potential fire, and confirms the somewhat specialized nature of operating this truck. Moreover, although there was some evidence suggesting an electrical malfunction was responsible for causing the fire, the City's evidence does not establish that Mr. Brewer's decision to leave the engine running while investigating the source of the malfunction, contrary to the City's training, did not exacerbate the fire or contribute to its spreading to Ms. Peltier's property.

On this record, the City's evidence does not negate jurisdiction as a matter of law, and we are bound to allow this case to continue to trial for a determination on the merits.

We affirm the trial court's order denying the City's plea to the jurisdiction.

_/Cory L. Carlyle/_

210760f.p05

CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CITY OF DALLAS, Appellant

No. 05-21-00760-CV     V.

LYNN PELTIER, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-20-04958-D.
Opinion delivered by Justice Carlyle. Justices Smith and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of June, 2022.