IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2004

## ROBIN McNEAL VANHOOSE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardin County**
**No. 7797      C. Creed McGinley, Judge**

---

**No. W2003-02176-CCA-R3-CO  - Filed September 17, 2004**

---

The defendant, Robin McNeal Vanhoose, appeals the trial court's dismissal of his motion to correct illegal sentence.  The State filed a motion to dismiss the appeal or, in the alternative, to affirm the dismissal by the trial court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. Upon reviewing the record, the defendant's brief, and the State's motion and brief, we affirm the trial court's dismissal of the defendant's motion to correct illegal sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Robin McNeal Vanhoose, CCA/SCCF, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

## FACTS

The defendant was convicted of aggravated assault, a Class C felony, in 1999 and was sentenced as a Range II, multiple offender to eight years in the Department of Correction.  This court affirmed on direct appeal. State v. Robin McNeal Vanhoose, No. W1999-00708-CCA-R3-CD, 2000 WL 1051856 (Tenn. Crim. App. July 28, 2000), perm. to appeal denied (Tenn. Mar. 19, 2001).

On June 23, 2003, nearly four years later, the defendant filed a *pro se* motion to correct illegal sentence, stating that it was pursuant to Rule 36 of the Tennessee Rules of Criminal

Procedure.[1]  In an attached affidavit, the defendant swore that "his prior records were illegally used against him" and "the jury was wrongfully charged resulting in an illegal sentence."  Further, "the trial court lacked jurisdiction in which to impose a judgment of conviction and therefore the conviction is void under law" and "the trial court's sentence was also obtained in direct contravention of Rule 609, Tennessee Rules of Evidence."  On August 19, 2003, the trial court entered an order dismissing the defendant's motion because it was untimely and sought to raise claims which should have been brought in a direct appeal:

> This cause came to be heard on August 4, 2003 upon the Petitioner's pro se Motion to Correct Illegal Sentence, and
> It appears to the Court that Petitioner's Motion attempts to litigate matters which should have been part of a direct appeal and the Court is now without jurisdiction to hear said matter, and
> It appears also that the period for requesting Post-Conviction Relief has expired.
> It is, therefore, ordered that Petitioner's Motion be and hereby is dismissed.

From that order, the defendant now appeals.

## ANALYSIS

As an initial matter, we note that the defendant seeks to appeal as of right from the trial court's order dismissing his motion for correction of an illegal sentence.  However, "Rule 3(b) of the Tennessee Rules of Appellate Procedure does not permit a direct appeal of a trial court's dismissal of a motion to correct an illegal sentence."  State v. Ernest Eugene Thomas, No. E2000-02613-CCA-R3-CD, 2001 WL 873524, at *1 (Tenn. Crim. App. Aug. 3, 2001); see Tenn. R. App. P. 3(b); State v. Michael S. Stacy, No. E2003-01062-CCA-R3-CD, 2003 WL 22330913 (Tenn. Crim. App. Oct. 13, 2003); State v. Guillermo Matias Juan, No. 03C01-9812-CR-00443, 1999 WL 642926 (Tenn. Crim. App. Aug. 25, 1999), perm. to appeal denied (Tenn. Jan. 31, 2000).

The proper method for a defendant to attack an illegal or void sentence is through a petition for habeas corpus relief, the denial of which by a trial court can be directly appealed to this court.  See Tenn. R. App. P. 3(b); Tenn. Code Ann. § 29-21-127; Cox v. State, 53 S.W.3d 287, 294 (Tenn. Crim. App. 2001).  The defendant has failed to follow the statutory procedures for filing a petition for habeas corpus relief, and we will not treat his appeal as such.  In rare circumstances, when a Rule 3 appeal is not available to a defendant, this court may treat an appeal as a petition for writ of certiorari, now codified at Tennessee Code Annotated section 27-8-101.  See Cox, 53 S.W.3d at 294; Michael S. Stacy, 2003 WL 22330913, at *1; Ernest Eugene Thomas, 2001 WL 873524, at *2.  We

---

[1]Rule 36 provides: " Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."  Tenn. R. Crim. P. 36.

have previously emphasized, however, that the writ of certiorari is "limited" and that "appeals via *certiorari* should rarely be granted to review motions that assert sentencing infirmities which do not rise to the level of illegality or voidness." Cox, 53 S.W.3d at 294. Even if we were to indulge the defendant and treat his appeal as a petition for writ of certiorari and therefore reach the merits of the case, we conclude that the issues raised by defendant are without merit.

The record makes it clear that the defendant's sentence is neither illegal nor void. He was convicted of aggravated assault, a Class C felony, and sentenced as a Range II, multiple offender to eight years in the Department of Correction. The defendant was properly classified as a multiple offender based on the fact that he had two prior Class E felony convictions for driving as a motor vehicle habitual offender in 1994 and one Class D felony conviction for third degree burglary in 1980. Pursuant to Tennessee Code Annotated section 40-35-106(a), a "multiple offender" is "a defendant who has received: (1) [a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes[.]" Because the defendant was convicted of a Class C felony, all three of the prior felony convictions could be used to classify the defendant as a multiple offender. In addition, Tennessee Code Annotated section 40-35-106(c) provides that "[a] defendant who is found by the court beyond a reasonable doubt to be a multiple offender shall receive a sentence within Range II." The sentencing range for a Class C felony, Range II, multiple offender is six to ten years. Clearly the trial court was following the statutory mandates in determining that the defendant was a multiple offender and setting his sentence at eight years.

The defendant also asserts that the "jury was wrongfully charged resulting in an illegal sentence" and that the trial court improperly allowed the use of his previous convictions to impeach him pursuant to Rule 609, Tennessee Rules of Evidence. There are several problems with this claim. First, the record presented to us on this "appeal" does not contain a transcript of the trial proceedings, so we are unable to determine what the jury instructions were or what evidence was used to impeach the defendant. One of the elementary duties of a defendant is to prepare an adequate record in order to allow meaningful review on appeal. See Ernest Eugene Thomas, 2001 WL 873524, at *2 (citing Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). Second, "[i]n the absence of an adequate record, this Court must presume that the trial court's ruling was supported by the evidence." Id. (citing State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991)). Most importantly, incorrect jury instructions and impeachment evidence are properly attacked in a motion for a new trial and on direct appeal, not in a "motion to correct illegal sentence." See Tenn. R. App. P. 3(e). Accordingly, we consider these issues waived for they were not brought on direct appeal.

Even if the defendant's current motion to correct illegal sentence were construed as a petition for post-conviction relief, he failed to follow the procedures set forth in Tennessee Code Annotated section 40-30-101 et seq. for post-conviction petitions. Further, Tennessee Code Annotated section 40-30-102(a) provides a one-year statute of limitations for post-conviction relief. Because his application for permission to appeal his conviction to the Tennessee Supreme Court was denied on March 19, 2001, the defendant would have had until March 19, 2002, to file a petition for post-

conviction relief.  Instead, he filed a motion to correct illegal sentence on June 23, 2003, well outside of the one-year statute of limitations for a post-conviction petition.

We, therefore, affirm the trial court's dismissal of the defendant's motion to correct illegal sentence, pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
ALAN E. GLENN, JUDGE