IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2004

## RICHARD SIMON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 26803     Michael R. Jones, Judge**

———————————

**No. M2003-03008-CCA-R3-PC - Filed February 16, 2005**

———————————

Defendant, Richard Simon, filed a "Petition for Declaratory Judgment and/or Equitable Relief" and a *pro se* "Petition Seeking Nunc Pro Tunc Order" requesting the trial court to modify or correct his sentence to grant him retroactive sentence reduction credits.  The trial court concluded that it was without jurisdiction to modify Defendant's sentence, and dismissed his petitions.  Because there is no right of appeal from the trial court's dismissal of Defendant's motions, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Richard Simon.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was convicted of first degree felony murder in 1980 and sentenced to death. Defendant's death sentence was based solely on the felony murder aggravating circumstance. *State v. Simon*, 635 S.W.2d 498, 502 (Tenn. 1982).  In 1992, the Tennessee Supreme Court concluded that "when the defendant is convicted of first-degree murder solely on the basis of felony murder, the aggravating circumstance set out in Tenn. Code Ann. §§ 39-2-203(i)(7)(1982) and 39-13-204(i)(7)(1991) [the felony murder aggravating circumstance], does not narrow the class of death-eligible murderers sufficiently under the Eighth Amendment to the U. S. Constitution, and Article I, § 16 of the Tennessee Constitution because it duplicates the elements of the offense." *State v. Middlebrooks*, 840 S.W.2d 317, 346 (Tenn. 1992).  Four cases, including Defendant's, were listed

in a footnote as examples of death sentences which might be impacted by the *Middlebrooks* rule. *Id*. at 349 n.1 (Drowota, J., concurring in part, dissenting in part).

In 1995, the Supreme Court held that the *Middlebrooks* rule should be applied retroactively. *Barber v. State*, 889 S.W.2d 185, 186 (Tenn. 1995). As a result of the *Middlebrooks* decision, Defendant's death sentence was vacated, and he was sentenced to life imprisonment on March 24, 1995. The sentencing court granted Defendant "jail time" credit from April 27, 1979 to March 20, 1995.

The thrust of Defendant's motions is his belief that he is entitled to sentence reduction credits under Tennessee Code Annotated section 41-21-236 for the period from March 1, 1986, when Class X felons became eligible to earn sentence reduction credits, until March 24, 1995, when his death sentence was reduced to life imprisonment. *See* Tenn. Code Ann. §§ 41-21-212, -214 (repealed 1985). Alternatively, Defendant contends that he should be granted sentence reduction credits at least from September 8, 1992, the date the *Middlebrooks* decision was issued, until March 24, 1995.

At the hearing on his motions, Defendant testified that he did not receive any disciplinary write-ups while he was held in maximum security and thus would have earned sentence reduction credits had they been available. Defendant said that he agreed to the dismissal of his post-conviction petitions in 1995 in exchange for the award of retroactive sentence reduction credits. Defendant thought the sentencing judgment reducing his sentence to life imprisonment was going to reflect the retroactive award of sentence reduction credits, but the credits were omitted from the judgment.

The trial court concluded that it did not have jurisdiction to correct or modify Defendant's 1995 judgment of sentencing to reflect the retroactive award of sentence reduction credits. Moreover, relying on *Thomas Gerald Laney v. Campbell*, No. 01A01-9703-CH-00142, 1997 WL 401829 (Tenn. Ct. App. July 18, 1997), *perm. to appeal denied* (Tenn. Nov. 24, 1997) and *Rocky Lee Coker v. Tennessee Department of Correction*, No. M1999-02268-CCA-R3-CV, 2001 WL 921875 (Tenn. Ct. App. Aug. 7, 2001), *perm. to appeal denied* (Tenn. Dec. 27, 2001), the trial court found that Defendant was not entitled to a retroactive award of sentence reduction credits prior to the reduction of his sentence to life imprisonment.

However he styles his motions, Defendant is essentially seeking a correction of his sentence to reflect the sentencing credits to which he believes he is entitled. "[A] motion filed in the trial court to correct a sentence which does not indicate voidness of the sentencing order is generally effete, unless it can be viewed as a Rule 36 motion to correct '[c]lerical mistakes' and 'errors in the record arising from oversight or omission,' *see* Tenn. R. Crim. P. 36, or as a timely motion to reduce a sentence, *see* Tenn. R. Crim. P. 35." *State v. Cox*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001). Defendant does not contend that either Rule 35 or Rule 36 is applicable but submits that his sentencing judgment is illegal as contemplated by *State v. Burkhart*, 566 S.W.2d 871 (Tenn. 1978).

In *Burkhart*, the Tennessee Supreme Court stated that, "[a]s a general rule, a trial judge may correct an illegal, as opposed to an erroneous, sentence at any time, even if it has become final."

*Burkhart*, 566 S.W.2d at 873. An illegal sentence is one that directly contravenes a statute in existence at the time the sentence is imposed. *Taylor v. State*, 995 S.W 2d 78, 83 (Tenn. 1999). If the judgment of sentencing, on its face, is within the statutorily set range for the defendant's offense "but the challenge raises merely a sentencing anomaly, then the sentence is voidable rather than void." *Barry Winfred Ritchie v. State*, No. E2002-02609-CCA-R3-PC, 2003 WL 21972931, at \*7 (Tenn. Crim. App., at Knoxville, August 18, 2003), *perm. to appeal dismissed* (Tenn. Nov. 17, 2003) (citing *Cox*, 53 S.W.3d at 291-92).

Defendant was sentenced to life imprisonment for his conviction of first degree felony murder after his death sentence was vacated. A sentence of life imprisonment is within the statutorily set range for Defendant's conviction at the time Defendant was sentenced and thus is not "illegal" as contemplated by *Burkhart*. *See* Tenn. Code Ann. § 39-2-203(a)(1982).

The trial court's order dismissing Defendant's motions seeking a correction of his sentence to reflect sentencing credits is not appealable as a matter of right. Tenn. R. App. P. 3(b); *Cox*, 53 S.W.3d at 293. Nor do we discern any basis for conducting a review via a writ of certiorari. *See State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998).

We also find no merit in Defendant's contention that the trial court's failure to grant his request for sentencing credits violates Defendant's constitutional right to equal protection under the law. Defendant does not present any evidence that he has been dissimilarly treated from other defendants whose sentences were impacted by *Middlebrooks*. *See Middlebrooks*, 840 S.W.2d at 349 n.1 (Drowota, J., concurring in part, dissenting in part). On the contrary, it appears that at least one of the defendants listed in *Middlebrooks* whose death sentence was subsequently reduced to life imprisonment was later denied retroactive sentence reduction credits. *See Laney,* 1997 WL 401829, at \*2; *see also Coker*, 2001 WL 921875, at \*3 (A prisoner whose death sentence is reduced to life imprisonment is not entitled to sentence reduction credits for the time spent on death row).

## CONCLUSION

Based upon the foregoing, Defendant's appeal from the trial court's order dismissing his motions to correct his sentence is dismissed.

_____
THOMAS T. WOODALL, JUDGE