IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 18, 2005

## STATE OF TENNESSEE v. KENDRICK D. HUTTON

**Direct Appeal from the Circuit Court for Giles County**
**No. 10593    Stella Hargrove, Judge**

---

**No. M2004-00586-CCA-R3-CD - Filed August 11, 2005**

---

Following a revocation hearing, the trial court revoked the probation of Defendant, Kendrick D. Hutton, and ordered him to serve the remainder of his sentence in confinement. On appeal, Defendant requests this Court to remand the matter for a new probation revocation hearing because the trial court failed to follow the statutory procedure governing probation revocations. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Stanley K. Pierchoski, Lawrenceburg, Tennessee (on appeal), and Dennis P. Stack, Pulaski, Tennessee (at trial), for the appellant, Kendrick D. Hutton.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Patrick S. Butler, District Attorney General; and Beverly White, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Defendant entered a plea of guilty on October 8, 2002 to one count of possession of cocaine with the intent to sell. He was sentenced to eight years, all of which was suspended, and Defendant was placed on probation. As part of the terms of his probation, Defendant agreed, among other things, to report all arrests immediately, to not own or possess a firearm, and to not use or possess narcotic drugs or marijuana. On August 22, 2003, Defendant was arrested on three counts of possession of cocaine for sale, one count of resisting arrest, and one count of the unlawful possession of a weapon.

A probation violation warrant was filed on December 3, 2003, alleging that Defendant had violated the terms of his probation by committing new criminal offenses, by failing to report his

arrests to his probation officer, and by possessing a handgun. Although Judge Robert Lee Holloway, Jr. presided at Defendant's guilty plea acceptance hearing, Judge Stella L. Hargrove presided over Defendant's revocation hearing conducted on February 2, 2004.

Defendant does not allege, nor does the record suggest, that there was not sufficient evidence in the record to support the trial court's revocation of his probation. Defendant argues, however, that Judge Holloway should have presided over his probation revocation hearing pursuant to Tennessee Code Annotated section 40-35-311(b).

Section 311(b) provides:

Whenever any person is arrested for the violation of probation and suspension of sentence, the trial judge granting such probation and suspension of sentence, the trial judge's successor, or any judge of equal jurisdiction who is requested by such granting trial judge to do so shall, at the earliest practicable time, inquire into the charges and determine whether or not a violation has occurred, and at such inquiry, the defendant must be present and is entitled to be represented by counsel and has the right to introduce testimony in the defendant's behalf.

Defendant asks this Court to remand this matter for a new probation revocation hearing to be conducted in accordance with section 311(b).

We note initially that Defendant waived any objection to Judge Hargrove presiding at his probation revocation hearing by failing to enter a contemporaneous objection. *See State v. Agee Gabriel*, No. M2002-01605-CCA-R3-CD, 2004 WL 1562551, at *3 (Tenn. Crim. App., at Nashville, July 12, 2004) *no perm. to appeal filed*. Defendant argues that it was not his fault that an objection was not entered. He cites his trial counsel's various personal difficulties which occurred after the revocation hearing and ultimately led to the appointment of new counsel to represent Defendant in his appeal.

Defendant's original trial counsel represented him in a lengthy hearing on Defendant's motion to suppress evidence arising out of Defendant's new arrests on January 30, 2004, as well as at the revocation hearing on February 2, 2004. Judge Hargrove presided over Defendant's hearing on the motion to suppress and his probation revocation hearing held approximately three days later. A defendant cannot withhold an objection regarding which trial judge is presiding at a revocation hearing, and then make an objection if he is unhappy with the results of the hearing. *See State v. Billy Gene Oden, Jr.*, No. 01C01-9710-CC-00468, 1998 WL 840007, at *2 n.3 (Tenn. Crim. App., Nashville, Dec. 7, 1998), *no perm. to appeal filed* ("We decline to establish authority which would allow a defendant to [go] 'forum shopping' by sitting on an objection to the presiding judge at a revocation hearing and then raising it for the first time on appeal in order to get a second revocation hearing.")

Waiver notwithstanding, Defendant relies primarily on *State v. Duke*, 902 S.W.2d 424 (Tenn. Crim. App. 1995), *superceded by statute as stated in Cox v. State*, 53 S.W.3d 287, 295 (Tenn. Crim. App. 2001), as support for his request for a new probation revocation hearing, . In *Duke*, this Court, construing the statutory language of the predecessor to section 311(b), concluded that only the trial judge granting the probation, or the trial judge's successor, was authorized to conduct the probation revocation proceeding, absent a showing that the sentencing judge was unavailable. *Duke*, 902 S.W.2d at 426.

At the time *Duke* was considered, however, section 311(b) read, in part:

> Whenever any person is arrested for the violation of probation and suspension of sentence, *the trial judge granting such probation and suspension of sentence, or his successor*, shall, at the earliest practicable time inquire into the charges and determine whether or not a violation has occurred . . .

Tenn. Code Ann. § 40-35-311(b)(1990) (emphasis added).

Tennessee Code Annotated section 311(b) was amended in 1997 to add that, in addition to the sentencing judge or his successor, any judge of equal jurisdiction is authorized to conduct a defendant's revocation hearing if requested to do so by the judge who granted the probation. Thus, *Duke*, construing a more limited statutory grant of jurisdiction, is not applicable to the present revocation hearing which was conducted after 1997. *See Cox*, 53 S.W.3d, at 295.

In *Cox*, unlike the case *sub judice*, the record reflected that the sentencing judge had entered an order transferring the defendant's cases to another judge "for good cause shown." *Id*., at 296. However, we noted that even "had there been an anomaly in meeting the statutory dictates on this point, it would not have rendered void the revocation order." *Id*. (citing *Oden,* 1998 WL 840007, at \*2 ("apparent failure to comply with the request provisions of the 1997 version of section 40-35-311(b) created no opportunity to avoid the revocation when the defendant acquiesced in the substitution of judges and made no contemporaneous objection").

Waiver notwithstanding, the record in the case *sub judice* does not indicate that Judge Hargrove was acting outside the parameters of section 311(b). *See Gabriel*, 2004 WL 1562551, at \*3. Accordingly, we conclude that Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE