IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 14, 2015

**STATE OF TENNESSEE v. RONALD BENNETT**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 182619, 182621, 182672, 182674, 182676, 182678, 182680, 182682, 182683,**
**182684, 182685, 182686     Rebecca J. Stern, Judge**

_____

**No. E2015-00510-CCA-R3-CD – Filed December 14, 2015**

_____

Defendant, Ronald Bennett, appeals the summary dismissal of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Because Defendant's sentences have long since expired, he has not asserted a colorable claim for relief. Therefore, we affirm the trial court's decision to summarily dismiss the motion. However, we remand the matter to the trial court for the entry of corrected judgments pursuant to Tennessee Rule of Criminal Procedure 36.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed
and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ROBERT H. MONTGOMERY, JR., J., joined. JAMES CURWOOD WITT, JR., J., filed a separate concurring opinion.

Ronald Paul Bennett, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

Twenty-five years ago, Defendant was indicted on at least twelve different theft-related offenses. The indictments alleged that he committed an aggravated burglary and a

theft over $1000 on January 31, 1990; an aggravated burglary and a theft over $1000 on March 13, 1990; an aggravated burglary and a theft over $1000 on March 29, 1990[1]; and a theft over $1000 and five counts of fraudulent use of a credit card on April 5, 1990.[2] Defendant pled guilty to all charges on January 17, 1991. On April 26, 1991, the trial court sentenced Defendant to six years for each aggravated burglary conviction, four years for each theft conviction, and eleven months and twenty-nine days for each fraudulent use of a credit card conviction. The judgment forms specify that all sentences were to run concurrently, for a total effective sentence of six years.

On February 2, 2015, Defendant—now an inmate at the Federal Correctional Institution in Memphis—filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant alleged that his concurrent sentences were illegal because he was on bond for the offenses committed on January 31, 1990, when he committed the subsequent offenses. *See* T.C.A. § 40-20-111; Tenn. R. Crim. P. 32(c)(3)(C). Defendant also asserted that the judgment forms fail to reflect the trial court's finding of guilt, thereby further rendering his sentences illegal. *See* Tenn. R. Crim. P. 32(e). On February 12, 2015, the trial court summarily denied the motion, finding that the record indicated that Defendant was not arrested until after the commission of the April 5, 1990 offenses and that the record properly reflected the trial court's finding of guilt despite the omission of a corresponding mark on the judgment forms. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence pursuant to Rule 36.1. He asserts that he made a colorable claim that his sentences were illegal and that this case should be remanded to the trial court for the appointment of counsel and a hearing to determine whether the illegality was a material component of his guilty plea. While the State concedes that the appellant stated a colorable claim and is therefore entitled to counsel and to a hearing, we are not bound by such a concession. *See State v. Mitchell*, 137 S.W.3d 630, 639 (Tenn. Crim. App. 2003).

Rule 36.1 of the Tennessee Rules of Criminal Procedure became effective on July 1, 2013, providing a procedural mechanism to seek correction of an illegal sentence. In pertinent part, it provides:

---

[1] The judgment forms for these two convictions reflect an offense date of February 26, 1990.

[2] The plea petition, appointment of counsel form, and order of conviction indicate that Defendant was charged with a fourth count of aggravated burglary in case number 182670. However, that indictment and judgment form do not appear in the record.

Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute. . . .

Tenn. R. Crim. P. 36.1(a). The trial court may summarily dismiss the motion if the defendant does not "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. James D. Wooden*, __ S.W.3d __, No. E2014-01069-SC-R11-CD, 2015 WL 7748034, at *6 (Tenn. Dec. 2, 2015). Although the movant is not required to support a Rule 36.1 claim by providing documentation from the record, *see id.* (citing *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013), *perm. app. denied* (Tenn. May 28, 2014)), the trial court, "when determining whether a Rule 36.1 motion sufficiently states a colorable claim, . . . may consult the record of the proceeding from which the allegedly illegal sentence emanated." *Id.*

The Tennessee Supreme Court recently held that "Rule 36.1 does not expand the scope of relief available for illegal sentence claims and therefore does not authorize the correction of expired illegal sentences." *State v. Adrian R. Brown*, __ S.W.3d __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *9 (Tenn. Dec. 2, 2015). The supreme court expressly rejected the interpretation of the phrase "at any time" advanced by Defendant and accepted by the State in this case, holding that such an "interpretation is not reasonable in light of the expressed purpose of Rule 36.1, its language, and the jurisprudential background from which it developed." *Id.* at *7. Therefore, "a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id.* at *8.

In this case, Defendant's total effective sentence of six years would have expired in 1997. However, he did not file his motion to correct an illegal sentence until 2015, eighteen years later.[3] Because Defendant's sentences have long since expired, relief is not available under Rule 36.1. *See id.* Due to the expiration of his sentences, Defendant has not asserted a colorable claim for relief. Therefore, we affirm the decision of the trial court to dismiss his motion.

---

[3] We note that while Rule 36.1 did not exist at the time Defendant was serving his sentences, motions to correct illegal sentences were often filed in trial courts and then subsequently appealed through the discretionary common law writ of certiorari. *See Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005) (citing *Cox v. State*, 53 S.W.3d 287, 291 (Tenn. Crim. App. 2001)). Additionally, Defendant could have filed a petition for a writ of habeas corpus as long as he was "imprisoned or restrained of liberty." T.C.A. § 29-21-101(a).

As to Defendant's contention that his sentences are illegal because the judgment forms do not reflect the trial court's finding of guilt as required by Tennessee Rule of Criminal Procedure 32(e), we hold that such an omission is a clerical error. "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *James D. Wooden*, 2015 WL 7748034, at *7 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). In reviewing this claim, the trial court found that the Order of Conviction, filed at the time Defendant entered his guilty pleas and setting the matter for a sentencing hearing, reflects the findings of the original trial court. The record clearly reflects the original trial court's finding of guilt; therefore, the omission of a corresponding mark on the judgment forms constitutes a clerical error rather than an illegal sentence. Correction of a clerical error under Rule 36 "so that the record accurately reflects the sentence imposed does not amount to granting relief from expired illegal sentences." *Adrian R. Brown*, 2015 WL 7748275, at *9. Therefore, we remand the matter to the trial court for the correction of the clerical error.

*Conclusion*

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court. However, we remand this matter to the trial court for correction of the clerical errors in accordance with Rule 36.

_____
TIMOTHY L. EASTER, JUDGE