# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 27, 2016

## STATE OF TENNESSEE v. JOSEPH B. THOMPSON

### Appeal from the Criminal Court for Sullivan County
### No. S42,926      R. Jerry Beck, Judge

---

### No. E2015-01963-CCA-R3-CD – Filed May 10, 2016

---

The Appellant, Joseph B. Thompson, appeals as of right from the Sullivan County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that his motion stated a colorable claim for relief and that, therefore, the trial court erred in summarily denying the motion. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joseph B. Thompson, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Barry Staubus, District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Appellant is currently serving a total effective sentence of forty years for his 2001 convictions for aggravated robbery and aggravated kidnapping. On August 3, 2015, the Appellant filed the instant Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence alleging that his sentences were improperly enhanced by the trial court's use of enhancement factors not found beyond a reasonable doubt by a jury in violation of Blakely v. Washington, 542 U.S. 296 (2004). The Appellant had unsuccessfully raised this issue in three previous petitions for habeas corpus relief. See Joseph B. Thompson v. State, No. W2015-01563-CCA-R3-HC, 2016 WL 1086614 (Tenn. Crim. App. Mar. 21, 2016) (memorandum opinion). On September 15, 2015, the trial court entered a written order summarily denying the Appellant's Rule 36.1 motion

for failing to state a colorable claim. The Appellant now appeals to this court raising many of the same arguments found in his Rule 36.1 motion.

Rule 36.1 allows for either the defendant or the State to "seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a). "Illegal sentence" is defined in the rule as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds, Moody v. State, 160 S.W.3d 512 (Tenn. 2005). "[F]ew sentencing errors [will] render [a sentence] illegal." State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015).

Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Wooden, 478 S.W.3d at 595. Conversely, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" will not rise to the level of an illegal sentence. Id.

This court has previously held that a Blakely violation would not rise to the level of an illegal sentence for Rule 36.1 purposes. See State v. Rafael Antonio Bush, No. M2014-01193-CCA-R3-CD, 2014WL 7204637, at *4 (Tenn. Crim. App. Dec. 18, 2014), perm. app. denied (Tenn. Mar. 12, 2015). That holding is consistent with this court's holdings in habeas corpus cases that a Blakely violation would render a sentence merely voidable, not void. See Jackie F. Curry v. Howard Carlton, Warden, No. E2011-00607-CCA-R3-HC, 2011WL 4600621, at *5 (Tenn. Crim. App. Oct. 6, 2011); Gene Shelton Rucker v. State, No. E2010-00440-CCA-R3-HC, 2010 WL 4324320, at *2 (Tenn. Crim. App. Nov. 1, 2010); Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App. Nov. 13, 2007). Accordingly, we conclude that the Appellant's Rule 36.1 motion failed to state a colorable claim for relief and affirm the trial court's summary denial of the motion.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE