IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 4, 2016

## STATE OF TENNESSEE v. TERRELL BURGESS

**Appeal from the Criminal Court for Shelby County**
**No. 96-06387      W. Mark Ward, Judge**

---

**No. W2015-01138-CCA-R3-CD  -  Filed June 22, 2016**

---

The Appellant, Terrell Burgess, appeals as of right from the Shelby County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that his motion stated a colorable claim for relief; therefore, the trial court erred in summarily denying the motion. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Stephen C. Bush, District Public Defender; and Phyllis Aluko (on appeal) and Robert Trent Hall (on motion), Assistant District Public Defenders, for the appellant, Terrell Burgess.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Douglas Gregory Gilbert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Appellant is currently serving a total effective sentence of life plus ten years for his 1999 guilty pleas for first degree felony murder, aggravated robbery, and two counts of aggravated assault. On October 28, 2014, the Appellant filed the instant Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence alleging that his life sentence for first degree felony murder was illegal because the trial court used the phrase "life in the penitentiary with the possibility of parole" during his guilty plea submission hearing. On January 9, 2015, the trial court entered a written order summarily denying the Appellant's Rule 36.1 motion for failing to state a colorable

claim. The Appellant now appeals to this court raising the same argument found in his Rule 36.1 motion.

Rule 36.1 allows for either the defendant or the State to "seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a). "Illegal sentence" is defined in the rule as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds, Moody v. State, 160 S.W.3d 512 (Tenn. 2005). "[F]ew sentencing errors [will] render [a sentence] illegal." State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015).

Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Wooden, 478 S.W.3d at 595. Conversely, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" will not rise to the level of an illegal sentence. Id.

Tennessee Code Annotated subsections 40-35-501(i)(1) and (i)(2)(A) provide that there is no release eligibility for a defendant convicted of first degree murder. A defendant convicted of first degree murder must serve 100% of his sentence less any retained and earned sentence credits, which may not exceed fifteen percent. Tenn. Code Ann. § 40-35-501(i)(1). The Appellant has not included the applicable judgment in the appellate record, but the trial court in its order summarily dismissing the Rule 36.1 motion stated that the judgment reflected "that the sentence imposed was 'Life.'" Furthermore, this court has previously held as follows:

> Although this court has observed that the phrase "life with parole" is inaccurate because a defendant sentenced to life is entitled "to be released, as opposed to being paroled, after serving 100 percent of sixty years less any eligible credits so long as they do not operate to reduce the sentence by more than [fifteen] percent, or nine years," use of the term would not render [a defendant's] judgment void.

Christopher A. Williams v. State, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at *2 (Tenn. Crim. App. Sept. 30, 2013) (quoting State v. Kermit Penley, No. E2004-00129-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App. Nov. 1, 2004)) (internal citations omitted). Accordingly, we conclude that the Appellant's Rule 36.1 motion failed to state a colorable claim for relief and affirm the trial court's summary denial of the motion.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE