
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 18, 2017 at Knoxville

**STATE OF TENNESSEE v. CARL HALL**

**Appeal from the Criminal Court for Shelby County**
**No. 10-02597     James C. Beasley, Jr., Judge**

---

**No. W2016-00915-CCA-R3-CD**

---

The Appellant, Carl Hall, appeals as of right from the Shelby County Criminal Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that the trial court erred because his motion stated a colorable claim for relief. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Carl Hall, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In January 2012, the Appellant pled guilty to two counts of attempted second degree murder, one count of aggravated robbery, one count of especially aggravated burglary, one count of employing a firearm during the commission of a dangerous felony, and two counts of aggravated assault. The Appellant received a total effective sentence of thirty-one years.

On February 23, 2016, the Appellant filed the instant Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence, alleging that his conviction for employing a firearm during the commission of a dangerous felony violated his constitutional protections against double jeopardy and that his trial counsel and the trial

court failed to "safeguard his rights" with respect to "a crime that they knew by a preponderance of [the] evidence that [he] did not actually commit, but facilitated the culprit." On April 6, 2016, the trial court entered a written order summarily denying the Appellant's Rule 36.1 motion for failing to state a colorable claim.

In response to the trial court's denial of his Rule 36.1 motion, the Appellant filed a notice of appeal to this court. Along with the notice of appeal, the Appellant filed a "motion for reconsideration" with the trial court. In the "motion for reconsideration," the Appellant alleged that the trial court improperly set the length of his sentences without addressing the applicable enhancement and mitigating factors and that it imposed partial consecutive sentences without addressing the applicable consecutive sentencing factors. The motion also alleged that the Appellant's convictions for aggravated assault violated his constitutional protections against double jeopardy.

The trial court did not respond to the Appellant's "motion for reconsideration," and its denial of the Rule 36.1 motion is now before this court on direct appeal. In his brief, the Appellant raises the same arguments regarding the length and consecutive nature of his sentences that he raised in his "motion for reconsideration." Additionally, the Appellant contends that the indictment underlying his conviction for employing a firearm during the commission of a dangerous felony was defective and that his sentence of six years for that conviction exceeded what was statutorily prescribed. The State responds that none of the Appellant's arguments state a colorable claim for Rule 36.1 relief.

At the time the Appellant's motion was filed,[1] Rule 36.1 allowed for either the defendant or the State to "seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a) (2015). "Illegal sentence" was defined in the rule as a sentence "that [was] not authorized by the applicable statutes or that directly contravene[d] an applicable statute." Id. The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds, Moody v. State, 160 S.W.3d 512 (Tenn. 2005). "[F]ew sentencing errors [will] render [a sentence] illegal." State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015).

Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Wooden, 478 S.W.3d at 595. Conversely, "attacks on the

---

[1] While not applicable to our review, we note that Rule 36.1 was amended effective July 1, 2016, to explicitly prohibit motions to correct expired illegal sentences. Tenn. R. Crim. P. 36.1 (2017).

correctness of the methodology by which a trial court imposed [a] sentence," such as allegations that the trial court improperly applied enhancement, mitigating, or consecutive sentencing factors, will not rise to the level of an illegal sentence. Id. Furthermore, Rule 36.1 applies to sentences and "does not provide an avenue for seeking reversal of convictions." State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014).

The Appellant's arguments that his various convictions violated his constitutional protections against double jeopardy, that the indictment was defective with respect to his employment of a firearm during the commission of a dangerous felony conviction, that the trial court erred in setting the length of his sentences, and that the trial court erred in imposing partial consecutive sentences all fail to state colorable claims for Rule 36.1 relief.

On appeal, the Appellant contends that "the trial court reduced the indicted charge" of employing a firearm during the commission of a dangerous felony to possession of a firearm with intent to commit a felony; therefore, his six-year sentence was excessive and in violation of the applicable statute. Tennessee Code Annotated section 39-17-1324 outlaws both possession of a firearm "with intent to go armed during the commission of or attempt to commit a dangerous felony" and employment of a firearm during the commission of a dangerous felony. Possession of a firearm is a Class D felony with a mandatory minimum three-year sentence. Tenn. Code Ann. § 39-17-1324(g)(1). Employment of a firearm is a Class C felony with a mandatory minimum six-year sentence. Tenn. Code Ann. § 39-17-1324(h)(1).

Here, the Appellant was indicted for employment of a firearm during the commission of a dangerous felony. The Appellant's guilty plea submission form and his judgment form both list the offense as "employment of a firearm with intent to commit a felony," amalgamating the employment and possession of a firearm offenses. The Appellant has taken this as evidence that he was actually convicted of the lesser offense of possession of a firearm. However, we conclude that this was a mere clerical error in light of the facts that "employment" was the operative term used on the judgment form and that the form also stated that the Appellant was convicted "as charged." Accordingly, we hold that the trial court did not err in summarily dismissing the Appellant's Rule 36.1 motion.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE