IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

06/26/2017

Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. WILLIE JOHNSON

**Appeal from the Criminal Court for Knox County**
**No. 87077      G. Scott Green, Judge**

---

### No. E2016-00343-CCA-R3-CD

---

The pro se Appellant, Willie Johnson, appeals as of right from the Knox County Criminal Court's order denying his motion to correct illegal sentence. Tenn. R. Crim. P. 36.1. The State has filed a motion to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Willie Johnson, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; and Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

A Knox County Criminal Court jury convicted the Appellant of one count of attempted second degree murder and unlawful possession of a weapon. This court affirmed his convictions on direct appeal, and the supreme court denied review. *State v. Willie Douglas Johnson*, No. E2008-02057-CCA-R3-CD, 2009 WL 2226171 (Tenn. Crim. App, at Knoxville, July 27, 2009), *perm. app. denied* (Tenn. Nov. 23, 2009). On June 25, 2010, the Appellant filed a pro se petition for post-conviction relief. Following the appointment of counsel, amendment of the petition, and an evidentiary hearing, the

post-conviction court denied relief. This court affirmed the denial of post-conviction relief, and the supreme court denied review. *Willie Douglas Johnson v. State*, No. E2013-02826-CCA-R3-PC, 2014 WL 4922639 (Tenn. Crim. App., at Knoxville, Sept. 30, 2014), *perm. app. denied* (Tenn. Dec. 17, 2014).

On June 1, 2015, the Appellant filed a motion to correct illegal sentence, challenging his sentencing as a persistent and career offender. Following the response of the State and appointment of counsel, who also filed a response, the trial court summarily denied the motion for failing to state a colorable claim. The Appellant filed a timely notice of appeal. The State filed a motion to affirm the trial court's judgment by memorandum opinion. Tenn. Ct. Crim. App. R. 20. The Appellant has not filed a response to the State's motion.

At the time the Appellant's motion was filed, Rule 36.1 allowed for either the defendant or the State to "seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a) (2015). "Illegal sentence" was defined in the rule as a sentence "that [was] not authorized by the applicable statutes or that directly contravene[d] an applicable statute." *Id*. The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), *overruled on other grounds*, *Moody v. State*, 160 S.W.3d 512 (Tenn. 2005). "[F]ew sentencing errors [will] render [a sentence] illegal." *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015).

Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Wooden, 478 S.W.3d at 595. The Appellant's challenge to the sentence does not fall under any of these examples.

Rather, the Appellant argues that his sentence is illegal because the sentencing court erred in classifying him as a career offender and a persistent offender. Generally, a trial court's error "in offender classification" will not "render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." *Cantrell v. Easterling,* 346 S.W.3d 445, 458 (Tenn. 2011). This is because an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

The only time an error in the classification of an offender would ever rise to the level of an illegal sentence would be if a trial court, somehow, classified a defendant in a category not available under the Sentencing Act. *Cantrell,* 346 S.W.3d at 458-59. Put another way, an offender classification would create an illegal sentence only if the trial court classified a defendant in a category for which it did "not have the authority or the

jurisdiction to classify a defendant." *Id.* at 458. Otherwise, "[c]orrection of an alleged error in offender classification must be sought on direct appeal." *Id.*; *see also* Tenn. Code Ann. § 40-35-108(d) (authorizing direct appellate review of a defendant's classification as a career offender).

Even if the Appellant's allegations about his offender classification were taken as true, they would not present a colorable claim that his sentences were illegal. *Wooden*, 478 S.W.3d at 595 (stating that "a sentence which is 'statutorily available but ordinarily inapplicable to a given defendant' is not an illegal sentence") (quoting *Cantrell*, 346 S.W.2d at 454). Accordingly, the trial court was obliged to summarily deny the motion for correction of illegal sentences. Tenn. R. Crim. P. 36.1(c).

Accordingly, we affirm the judgment of the Knox County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE