IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 27, 2017 Session

## STATE OF TENNESSEE v. JAMES MARK THORNTON

**Appeal from the Circuit Court for Cocke County
Nos. 6617, 6618, 6820, & 9827     Ben W. Hooper II, Judge**

_____

### No. E2016-01022-CCA-R3-CD
_____

The State appeals as of right from the Cocke County Circuit Court's grant of the Defendant's, James Mark Thornton's Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The State contends that the trial court erred because the challenged sentence was not illegal. We agree with the State and dismiss the Defendant's Rule 36.1 motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;
Case Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Deputy Attorney General; James B. Dunn, District Attorney General; and William Brownlow Marsh, Assistant District Attorney General, for the appellant, State of Tennessee.

Nikolas Kear, Gatlinburg, Tennessee, for the appellee, James Mark Thornton.

### OPINION

In June 2000, the Defendant pled guilty to numerous offenses involving the sale of cocaine in three separate cases: 6617, 6618, and 6820. All of the Defendant's sentences were ordered to be served concurrently for a total effective sentence of eight years. In 2006, the Defendant pled guilty to another drug offense in case 9827, and received a twenty-five-year sentence. As part of that plea agreement, the Defendant waived his right to a probation revocation hearing for cases 6617, 6618, and 6820. Those sentences were ordered into execution. However, the sentences from cases 6617, 6618, and 6820 were ordered to be served concurrently to the sentence in case 9827. The sentences for

all of the Defendant's state convictions were ordered to be served concurrently to a separate federal sentence.

In February 2008, the Defendant filed a petition for writ of habeas corpus, alleging that his sentences in cases 6617, 6618, 6820, and 9827 were void because he had been released on bond in cases 6617 and 6618 when he committed the offenses at issue in case 6820. The habeas corpus court denied the Defendant's petition, and this court affirmed the denial on direct appeal. James Mark Thornton v. State, E2009-00399-CCA-R3-HC, slip op. at 1 (Tenn. Crim. App. July 15, 2010). A panel of this court concluded that the Defendant had received an illegal sentence in case 6820, but that he had failed to establish that he was restrained of his liberty as a result of the judgments in cases 6617, 6618, and 6820. Id. at 7. With respect to case 9827, the panel concluded that "the concurrent alignment of the . . . sentence imposed in case number 9827 [with the sentences in cases 6617, 6618, and 6820] [did] not render that judgment void." Id. at 8-9.

In 2015, the Defendant filed separate Rule 36.1 motions to correct illegal sentences in the three June 2000 cases and case 9827. The motions were consolidated, and the Defendant alleged that he should be allowed to withdraw his guilty plea in case 9827 because he had received an illegal sentence in case 6820 and that the resolution of his probation violation for cases 6617, 6618, and 6820 was part of a "global" plea agreement, which also involved case 9827. At the evidentiary hearing on this matter, the Defendant testified that he would not have pled guilty to case 9827 if "the State had insisted" that his sentence be served consecutively to cases 6617, 6618, and 6820. At the conclusion of the hearing, the trial court granted the Defendant's Rule 36.1 motion, stating that the Defendant's sentence in case 9827 was void because it was "intertwined" with case 6820, in which the Defendant had received an illegal sentence. The State timely appealed to this court.

At the time the Defendant's motion was filed,[1] Rule 36.1 allowed for either the defendant or the State to "seek the correction of an illegal sentence." Tenn. R. Crim. P. 36.1(a) (2015). "Illegal sentence" was defined in the rule as a sentence "that [was] not authorized by the applicable statutes or that directly contravene[d] an applicable statute." Id. If an illegal sentence "was entered pursuant to a plea agreement" and "the illegal provision was a material component of the plea agreement," then Rule 36.1 authorized the trial court to allow the defendant to withdraw their plea. Tenn R. Crim. P. 36.1(c)(3).

The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled

---

[1] We note that Rule 36.1 was amended effective July 1, 2016, to explicitly prohibit motions to correct expired illegal sentences and motions to correct illegal sentences that were part of a plea agreement when the "illegal aspect was to the defendant's benefit." Tenn. R. Crim. P. 36.1 (2017).

on other grounds, Moody v. State, 160 S.W.3d 512 (Tenn. 2005). "[F]ew sentencing errors [will] render [a sentence] illegal." State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Id.

We agree that the Defendant's sentence in case 6820 was illegal. However, even the original version of Rule 36.1 does "not authorize the correction of expired illegal sentences." State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). The Defendant concedes that his sentences in cases 6617, 6618, and 6820 are expired. Likewise, the Defendant concedes that his sentence in case 9827 was not illegal. Rather, the Defendant argues that concurrent sentencing for case 6820 with his remaining cases was a material element of his plea agreement in 9827. However, the record belies that assertion.

The Defendant testified at the evidentiary hearing that he would not have pled guilty in case 9827 if he had been required to serve his sentence in that case consecutively to his sentences in 6617, 6618, and 6820. As this court recognized in the Defendant's habeas corpus appeal, there was no requirement that case 9827 be served consecutively to cases 6617, 6618, and 6820. Furthermore, correction of the illegal sentence in case 6820 would not require that it, or the sentences from cases 6617 and 6618, be served consecutively to case 9827. Therefore, even if the sentence in case 6820 was corrected and ordered to be served consecutively to the sentences in cases 6617 and 6618, it would not affect the Defendant's sentence in case 9827 because the twenty-five-year sentence is being served concurrently to the sentences in the June 2000 cases and would still be longer than those sentences. Accordingly, the trial court erred when it concluded that case 6820 was "intertwined" with case 9827 and that the illegality in case 6820 was a material component of the plea agreement in case 9827.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed, and the Defendant's Rule 36.1 motion is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE

-3-