IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2017

## STATE OF TENNESSEE v. NERO OSWALD JONES

**Appeal from the Circuit Court for Hardeman County**
**No. CC-10-CR-82     J. Weber McCraw, Judge**

_____

### No. W2017-00145-CCA-R3-CD

_____

The Appellant, Nero Oswald Jones, appeals as of right from the Hardeman County Circuit Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that the trial court erred because his motion stated a colorable claim for relief. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Nero Oswald Jones, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Breanne N. Hataway, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

In 2010, the Appellant was convicted of one count each of first degree premeditated murder and voluntary manslaughter and received a total effective life sentence. See State v. Nero Oswald Jones, No. W2011-00465-CCA-R3-CD, 2012 WL 1096096, at *12 (Tenn. Crim. App. Mar. 30, 2012). On December 13, 2016, the Appellant filed the instant Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The motion made no argument regarding the Appellant's sentence. Rather, it alleged that the trial court failed to properly instruct the jury. On December 19, 2016, the trial court issued a written order denying the motion. The order stated that the motion had "no merit" and was denied.

On appeal, the Appellant contends that the trial court erred in summarily denying his Rule 36.1 motion. The Appellant argues that, for purposes of Rule 36.1 proceedings, the adoption of the definition of "colorable claim" as used in post-conviction proceedings allows for post-conviction claims to be brought in a Rule 36.1 motion. The Appellant also argues that the trial court's order summarily denying his motion failed to set forth the trial court's findings of fact and conclusions of law; therefore, this matter should be remanded to the trial court for entry of "a more definite statement" of its ruling.

Rule 36.1 provides that either the defendant or the State "may seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1(a) (1). "Illegal sentence" is defined in the rule as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds, Moody v. State, 160 S.W.3d 512 (Tenn. 2005).

"[F]ew sentencing errors [will] render [a sentence] illegal." State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Id.

In adopting the definition of "colorable claim" that had previously been used in post-conviction proceedings for use in Rule 36.1 proceedings, our supreme court noted "that the term has the same general meaning in both contexts." Wooden, 478 S.W.3d at 593. For Rule 36.1 purposes, a "colorable claim" is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. (emphasis added). As such, a "colorable claim" for Rule 36.1 purposes is a claim that is cognizable for Rule 36.1 relief and not any other form of post-conviction remedy.

Rule 36.1 applies to sentences and "does not provide an avenue for seeking reversal of convictions." State v. Jimmy Wayne Wilson, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014). Here, the Appellant seeks reversal of his convictions based upon his allegation that the trial court failed to properly instruct the jury. Such a claim is not a colorable claim for Rule 36.1 relief. Accordingly, we conclude that the trial court did not err in summarily denying the Appellant's Rule 36.1 motion.

With respect to the Appellant's claim that the trial court's written order did not sufficiently state the trial court's findings of fact and conclusions of law, we note that

Rule 36.1 explicitly provides for the summary denial of motions that fail to state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). Furthermore, the purpose of Rule 36.1's requirement that trial courts include their findings of fact and conclusions of law in the order granting or denying a Rule 36.1 motion is to "facilitate appellate review." Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmt. As our review was not hampered by the trial court's succinct written order, we see no need to remand this matter to the trial court for a more detailed statement of its findings of fact and conclusions of law.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE