IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2017

## STATE OF TENNESSEE v. JAMES MARIO STARNES

**Appeal from the Circuit Court for Bedford County**
**No. 14427     Forest A. Durard, Jr., Judge**

_____

### No. M2016-02274-CCA-R3-CD

_____

The Appellant, James Mario Starnes, appeals as of right from the Bedford County Circuit Court's denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that the trial court erred because his motion stated a colorable claim for relief. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Nicholas E. R. Simons, Shelbyville, Tennessee, for the appellant, James Mario Starnes.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Robert James Carter, District Attorney General; and Michael David Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1999, the Appellant pled guilty to one count each of attempted second degree murder and especially aggravated robbery and received a total effective sentence of twenty-five years. See State v. James Mario Starnes, No. M2002-01450-CCA-R3-CD, 2003 WL 1094071, at *1 (Tenn. Crim. App. Mar. 13, 2003), perm. app. denied (Tenn. June 30, 2003). On May 18, 2016, the Appellant filed the instant Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The motion alleged that the trial court improperly enhanced his sentences without "find[ing] enhancement factors on the record to justify" increasing the length of his sentences.

The trial court appointed counsel to represent the Appellant. At the motion hearing, Appellant's counsel argued that the Appellant's sentences were improperly enhanced by the trial court's use of enhancement factors not found beyond a reasonable doubt by a jury in violation of Blakely v. Washington, 542 U.S. 296 (2004). On October 14, 2016, the trial court issued a written order denying the motion. The trial court concluded that the record belied the Appellant's claim that his sentences had been enhanced without the finding of any applicable enhancement factors and that an alleged Blakely violation was not a cognizable claim for Rule 36.1 relief.

On appeal, the Appellant's sole contention is that the trial court enhanced his sentences in violation of Blakely. Rule 36.1 provides that either the defendant or the State "may seek to correct an illegal sentence." Tenn. R. Crim. P. 36.1(a)(1). "Illegal sentence" is defined in the rule as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence." Cox v. State, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), overruled on other grounds, Moody v. State, 160 S.W.3d 512 (Tenn. 2005).

"[F]ew sentencing errors [will] render [a sentence] illegal." State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Examples of illegal sentences include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." Id. Conversely, "attacks on the correctness of the methodology by which a trial court imposed [a] sentence" will not rise to the level of an illegal sentence. Id.

This court has previously held that a Blakely violation would not rise to the level of an illegal sentence for Rule 36.1 purposes. See State v. Rafael Antonio Bush, No. M2014-01193-CCA-R3-CD, 2014 WL 7204637, at *4 (Tenn. Crim. App. Dec. 18, 2014), perm. app. denied (Tenn. Mar. 12, 2015). That holding is consistent with this court's holdings in habeas corpus cases that a Blakely violation would render a sentence merely voidable, not void. See Jackie F. Curry v. Howard Carlton, Warden, No. E2011-00607-CCA-R3-HC, 2011 WL 4600621, at *5 (Tenn. Crim. App. Oct. 6, 2011); Gene Shelton Rucker v. State, No. E2010-00440-CCA-R3-HC, 2010 WL 4324320, at *2 (Tenn. Crim. App. Nov. 1, 2010); Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App. Nov. 13, 2007). Accordingly, we conclude that the Appellant's Rule 36.1 motion failed to state a colorable claim for relief and affirm the trial court's denial of the motion.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE