IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 18, 2018

**STEVEN ANDERSON v. RUSSELL WASHBURN, WARDEN**

**Appeal from the Circuit Court for Trousdale County**
**No. 2018-CV-4687  John D. Wootten, Jr., Judge**

———————————————

**No. M2018-00661-CCA-R3-HC**

———————————————

JOHN EVERETT WILLIAMS, P.J., dissenting

I respectfully disagree with the conclusions and opinions of the majority. Therefore, I must dissent from the majority's opinion.

The crux of my disagreement with the majority is in how they interpret the Tennessee Supreme Court's holding in *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015). Prior to *Brown*, the Tennessee Court of Criminal Appeals had written by my estimation more than one hundred cases addressing the issue of whether a trial court's failure to award pretrial jail credit is a cognizable claim in a Rule 36.1 or habeas corpus proceeding. These cases had varying results. The majority concludes that *Brown* "muddied the waters" on the question. I feel that our supreme court provided crystal clear guidance on the issue. My reading of *Brown* leads me to conclude that there is no instance in which a trial court's denial of pretrial jail credits can serve as a cognizable claim to have a petitioner's conviction, sentence, or judgment declared illegal or void. This court has consistently applied *Brown* to hold that a claim of the denial of pretrial jail credits does not constitute a cognizable claim for habeas corpus relief when the petitioner has not otherwise claimed that his sentence is expired.

*Brown* specifically held that a trial court's failure to award pretrial jail credits does not render a sentence illegal. *Brown*, 479 S.W.3d at 212. While the majority notes that *Brown* addressed a defendant's entitlement to relief pursuant to Tennessee Rule of Criminal Procedure 36.1, in *State v. Wooden*, which was released on the same day as *Brown*, our supreme court held that the definition of an "illegal sentence" under Rule 36.1 "is coextensive with, and actually mirrors," the definition of an illegal sentence for purposes of habeas corpus proceedings. *State v. Wooden*, 478 S.W.3d 585, 587 (Tenn. 2015). Because the trial court's failure to award pretrial jail credits does not render the sentences "void," I cannot conclude that a judgment based upon such sentences is "void."

*See Cox v. State*, 53 S.W.3d 287, 2929 (Tenn. Crim. App. 2001) (noting that the term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence"), *overruled on other grounds by Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005)).

I read *Brown* to hold that any failure to award pretrial jail credits on a judgment that was the result of inaccurate computation should be corrected as a clerical mistake under Tennessee Rule of Criminal Procedure 36. The majority notes on several occasions that no court has ever considered the merits of the Petitioner's underlying claim for thirteen days of pretrial jail credit. Having read the Petitioner's habeas corpus petition, I find no claim for thirteen days of pretrial jail credit. Rather, this Petitioner, like the hundreds of petitioners before him, is asking that any mistake in awarding pretrial jail credit be equated to rendering the judgments and sentences illegal and void and that he be allowed to set aside his guilty pleas entered in 1994. Because the petitioner is attempting to seek relief much greater and beyond any relief to which he is entitled, I believe that the habeas corpus court's summary denial of the petitioner's petition, as well as what the majority refers to as *Anderson II* and *Anderson III*, were correct. The relief sought by the Petitioner is invalid on its face after *Brown*.

As I stated more than eight years ago, "I merely prefer a method which does not attack at the heart of the judiciary by declaring the convictions to be 'void' and 'illegal' when a simple and clear clerical error, if any, has occurred." *Leslie Paul Hatfield v. Jim Morrow, Warden*, No. E2009-01127-CCA-R3-HC, 2010 WL 1486903, at *5 (Tenn. Crim. App. Apr. 14, 2010) (Williams, J., concurring). For these reasons, I respectfully dissent.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE